UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-00058-JLS (RNBx)                                              Date:  March 17, 2015
Title: Constantino Vergara v. Wells Fargo Bank, N.A. et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                    Not Present

**PROCEEDINGS:** (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 13) AND REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2014-00761205-CU-OR-CJC

   Before the Court is a Motion to Remand filed by Plaintiff Constantino Vergera. (Mot., Doc. 13.)  Defendants Wells Fargo Bank, N.A. and Golden West Savings Association Service Co. opposed, and Plaintiff replied.  (Opp., Doc. 15; Reply, Doc. 16.) The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the hearing set for March 20, 2015, at 2:30 p.m. is VACATED.  For the following reasons, the Court GRANTS the Motion.

**I.     BACKGROUND**

   On December 11, 2014, Plaintiff Constantino Vergara filed this action in Orange County Superior Court against Defendants Wells Fargo Bank, N.A. and Golden West Savings Association Service Company.  (Compl., Doc. 1-1, Ex. A.)  Vergara contends that after he began having difficulty making payments on his home mortgage loan, he pursued a loan modification with Wells Fargo, which placed him on a Trial Period Plan instead.  (Id. ¶ 11-14.)   Vergara alleges that because the Trial Period Plan failed to alleviate his financial burden, he again sought a loan modification.  (Id. ¶¶ 15-16.) However, Vergara contends that due to Wells Fargo's "lack of communication and constant undue delay" regarding his loan application, his application lapsed numerous times, resulting in the foreclosure of his property.  (Id. ¶¶ 17, 24-26.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-00058-JLS (RNBx) | Date: March 17, 2015 |
| Title: Constantino Vergara v. Wells Fargo Bank, N.A. et al | |

In his Complaint, Vergara asserts claims for (1) various violations of California's Homeowner Bill of Rights; (2) breach of implied covenant of good faith and fair dealing; (3) negligent misrepresentation; (4) violations of Business and Professions Code § 17200; and (5) injunctive relief under California Civil Code § 2924.19. (Id. ¶¶ 30-62.)

On January 14, 2015, Defendants removed the case to this Court on the basis of diversity jurisdiction. (Notice of Removal, Doc. 1.)

On January 23, 2015, Vergara filed this Motion, arguing that Defendants have failed to meet their burden of showing that the amount in controversy and complete diversity requirements are met. (Mot.; Mem., Doc. 13-1.) Vergara also requests attorneys' fees and costs incurred in connection with Defendants' removal. (Mem. at 11.)

## II. LEGAL STANDARD

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). On a motion to remand, the Court "consider[s] facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Valdez v. All State Ins. Co.*, 372 F.3d 1115, 1117

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-00058-JLS (RNBx) | Date: March 17, 2015 |
| Title: Constantino Vergara v. Wells Fargo Bank, N.A. et al | |

(9th Cir. 2004) (internal citations and quotation marks omitted). The Court weighs Defendant's evidence against any countervailing evidence showing that the amount in controversy falls below $75,000. *See Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 137 n.9 (1997) (When applying the preponderance standard, a court considers "how convincing the evidence in favor of a fact [is] in comparison with the evidence against it before that fact may be found.").

### III. DISCUSSION

#### A. Diversity Jurisdiction

Vergara argues remand is proper because Defendants have failed to demonstrate that (1) complete diversity exists and (2) the amount in controversy in this matter exceeds $75,000. (Mem. at 3-11.)

The Court first addresses Vergara's contention that the amount in controversy requirement is not satisfied. (Mem. at 8-11.) Vergara's Complaint does not allege an amount in controversy. (*See* Compl.) In their Notice of Removal, Defendants contend that "[s]hould plaintiff prevail in this action, he would retain title to [his] Property without any encumbrances . . . which would result in a loss of, at a minimum, the original principal loan amount of $491,250.00." (Notice of Removal at 7.) This is without merit. Nowhere does Vergara's Complaint seek invalidation of the subject loan. (Compl. at 13-14.) Rather, Vergara seeks "a true and significant loan modification," damages for Defendants' alleged violations of state law, an injunction enjoining Defendants from conducting any further foreclosure action, attorneys' fees, and costs. (Id.) Thus, Defendants cannot establish that the amount-in-controversy requirement is met on these grounds.

Defendants alternately argue that Vergara's demand for an "injunction enjoining [Wells Fargo] from conducting further foreclosure activity" on the property places the value of the entire loan at issue. (Opp. at 6.) This argument is unavailing. Courts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale *pending a loan*

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-00058-JLS (RNBx) | Date: March 17, 2015 |
| Title: Constantino Vergara v. Wells Fargo Bank, N.A. et al | |

*modification*.[1] *See Cheng v. Wells Fargo Bank, N.A.*, No. SACV10-1764-JLS (FFMx), 2010 WL 4923045, at *2 (C.D. Cal. Dec. 2, 2010) (Staton, J.) ("[T]he primary relief sought by plaintiff is a temporary delay of the foreclosure proceedings, and the amount of the loan at issue would therefore not be a relevant measure of damages."); *see also Vonderscher v. Green Tree Servicing, LLC*, No. 2:13-CV-00490-MCE, 2013 WL 1858431, at *4 (E.D. Cal. May 2, 2013) ("Numerous other courts have found that when a plaintiff does not seek to rescind the loan at issue, but instead seeks damages in an unspecified amount . . . the amount in controversy is not properly gauged by the loan amount."); *Landa v. Flagstar Bank, FSB*, No. 10CV1429-L (BGS), 2010 WL 2772629, at *2 (S.D. Cal. July 13, 2010) (remanding action where plaintiffs sought an "injunction against foreclosure" but were "not seeking loan rescission."). The only binding authority cited by Defendants is not to the contrary. See *Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039 (9th Cir. 2011) (plaintiffs sought to quiet title); *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) (plaintiff sought to *permanently* enjoin bank from foreclosure sale on the grounds that California's nonjudicial foreclosure statute was unconstitutional).

"[T]he defendant always has the burden of establishing that removal is proper." Gaus, 980 F.2d at 566. Because Defendants have not shown by a preponderance of the evidence that more than $75,000 is at issue in this case, they have not met their burden here. *See Guglielmino*, 506 F.3d at 699. Accordingly, the Court GRANTS Vergara's Motion to Remand.

### B. Request for Attorneys' Fees and Costs

Vergara next requests attorneys' fees and costs incurred in conjunction with Defendants' removal. (Mem. at 10-11.)

The removal statute permits the Court, upon remand, to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the

___

[1] While Vergara's prayer for relief is arguably ambiguous on this point, there is no doubt that this is the relief he seeks, as the Homeowner Bill of Rights does not authorize permanent injunctive relief, but permits it only until the defendant "show[s] that the material violation has been corrected and remedied." Cal. Civ. Code §§ 2924.12, 2924.19.

___

**CIVIL MINUTES – GENERAL**  4

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-00058-JLS (RNBx) | Date: March 17, 2015 |
| Title: Constantino Vergara v. Wells Fargo Bank, N.A. et al | |

removal." 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). While Defendants have not shown more than $75,000 is in controversy, the Court acknowledges Defendants' reliance on certain non-binding authority in their favor. *See, e.g.*, *Cabriales v. Aurora Loan Servs.*, 2010 WL 761081 (N.D. Cal. Mar. 2, 2010). While the Court is unpersuaded by those cases, it declines to find Defendants' reliance on them objectively unreasonable.

Accordingly, Vergara's request for attorneys' fees and costs is DENIED.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand and REMANDS this case to Orange County Superior Court, Case No. 30-2014-00761205-CU-OR-CJC.